**IN THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| **CHARLESTON ALLEN** | ) | |
| | ) | **CIVIL ACTION NO:    3:10-1633-MJP-JRM** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | (Jury Trial Demanded) |
| | ) | |
| **APPLE J, L.P.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Plaintiff, Charleston Allen, would respectfully show the Court as follows:

NATURE OF ACTION

1.    This is an action for race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e *et seq.* ("Title VII").

JURISDICTION AND VENUE

2.    Jurisdiction and venue are conferred on this Court by 42 USC § 2000e(5)(f)(3) and 28 U.S.C. §1331.  Venue is appropriate because Plaintiff was employed by Defendant at one of Defendant's Columbia, SC restaurants.

PARTIES

3.    Plaintiff is a black male formerly employed by Defendant primarily at its Applebee's Restaurant located at O'Neil Court in Columbia, SC.  Plaintiff is a citizen and resident of Columbia, SC.

4.    Plaintiff was an employee within the meaning of Title VII.

1

5.  Defendant is a foreign limited partnership incorporated in Delaware with its principal place of business in Greenville, SC.

6.  Defendant is an employer within the meaning of Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.  Plaintiff timely filed charges of discrimination with the South Carolina Human Affairs Commission ("SHAC") and the United States Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act on July 14, 2009.

8.  Plaintiff received a Notice of Right to Sue from the EEOC on April 8, 2010, which had been issued on April 6, 2010.

9.  This action is being filed within ninety (90) days of Plaintiff's receipt of his Notice of Right to Sue.

10. Plaintiff has no other administrative procedures to exhaust. There are no jurisdictional prerequisites to the commencement of this action.

## FACTS

11. Plaintiff was hired as a manager for one of Defendant's Columbia, SC restaurants in or around October 2001. Plaintiff was later promoted to the position of General Manager, the position he held when his employment was terminated on April 28, 2009.

12. During the more than seven years that Plaintiff worked for Defendant, he was the only black general manager.

13. During his employment, Plaintiff witnessed and was the target of racist and derisive comments made by other employees. When these comments were brought

to the attention of other general or regional managers, no corrective or disciplinary action was ever taken by Defendant. Specifically, Plaintiff was, on more than one occasion, referred to as "Token," and "The Token," highlighting the fact that he was the only black general manager and implying that Plaintiff had not earned or was otherwise unqualified for the position.

14. In early 2009, Daniel Farra ("Farra") was made kitchen manager at the O'Neil Court Applebee's where Plaintiff was general manager. Farra is a white male.

15. Farra said on more than one occasion in front of Plaintiff and others that he was brought to the store to become "the new face" of the restaurant.

16. As a part of his boasting, Farra made it known on a regular basis that he would soon be the general manager and that the employees should respond to his decisions and preferences more than Plaintiff's. On one occasion, Farra told a group of black kitchen staff that since he would be replacing Plaintiff, they should "get on the boat."

17. An employee to whom the racist comment was made and who was offended by it reported it to Plaintiff. Plaintiff tried to get Farra to apologize for the statement. When Farra refused to apologize, Plaintiff reported the incident to his area supervisor, David Peterson.

18. Peterson downplayed the incident, and instead of counseling or disciplining Farra, Peterson transferred the kitchen employee who had originally complained to Plaintiff. Additionally, Peterson had Farra sign a statement that he had in fact said "get on board" rather than "get on the boat" as the employee had heard.

19. Farra discussed plans by Defendant to change the customer base at the store from predominantly black customers to majority white customers and he tolerated a white kitchen employee referring to black customers as "ghetto ass people".

20. Subsequently, Plaintiff, an avid Chicago Bears football fan, found Plaintiff's teddy bear with a Chicago Bears jersey hanging from a noose upon entering the office one morning. Farra admitted to hanging the bear by the noose, but simply downplayed it as a joke.

21. In April, 2009, Plaintiff was demoted and transferred, and Farra promoted to his general manager position, when a white female employee made a false allegation of sexual harassment, which Plaintiff's manager admitted was "bogus". Subsequently, Plaintiff was terminated without ever being confronted with the claims against him because, according to his manager, Defendant's attorney said it was easier to fire the black manager than defend against a sexual harassment lawsuit by a white female employee.

## FOR A FIRST CAUSE OF ACTION
*(Race Discrimination)*

22. The above allegations are incorporated as if fully set forth herein.

23. The adverse employment actions taken by Defendant against Plaintiff were intentional, willful, and unlawfully motivated by racial considerations.

24. The adverse employment actions taken by Defendant against Plaintiff violated Title VII's prohibition against race discrimination.

25. Plaintiff has lost wages and benefits and suffered emotional distress and other damages as a result of Defendant's unlawful conduct.

26.    Plaintiff is entitled to recover compensatory and punitive damages, back pay, reinstatement or front pay, injunctive relief, attorney's fees, and other equitable relief under Title VII.

## FOR A SECOND CAUSE OF ACTION
*(Sex Discrimination)*

27.    The above allegations are incorporated as if fully set forth herein.

28.    The adverse employment actions taken by Defendant against Plaintiff were intentional, willful, and unlawfully motivated by considerations of sex.

29.    The adverse employment actions taken by Defendant against Plaintiff violated Title VII's prohibition against sex discrimination.

30.    Plaintiff has lost wages and benefits and suffered emotional distress and other damages as a result of Defendant's unlawful conduct.

31.    Plaintiff is entitled to recover compensatory and punitive damages, back pay, reinstatement or front pay, injunctive relief, attorney's fees, and other equitable relief under Title VII.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury as to all his claims and as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a trial by jury and relief as follows:

a.    an award of back pay, reinstatement or front pay, compensatory damages, punitive damages and attorney's fees pursuant to Title VII, and

b.    for such other relief for which Plaintiff is entitled for his legal and equitable claims and for such other relief as the Court deems appropriate.

        Respectfully submitted,


        <u>s/ Lovic A. Brooks, III</u>
        Lovic A. Brooks, III (I.D. # 1495)
        BROOKS LAW FIRM, LLC
        1122 Lady Street, Suite 1025 (29201)
        PO Box 136
        Columbia, South Carolina 29202
        Telephone: (803) 254-5300
        Facsimile: (803) 254-5353
        lbrooks@brooks-law-firm.com

        ATTORNEY FOR PLAINTIFF

Columbia, South Carolina
June 24, 2010