**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Charleston Allen, ) | Civil Action No. 3:10-01633-MBS |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Apple-J, L.P. and Apple Gold, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Charleston Allen ("Plaintiff") filed this action against his former employer, Apple-J, L.P. ("Apple J"), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17. (ECF No. 1.) In an amended complaint filed on September 13, 2012, Plaintiff named Apple Gold, Inc. ("Apple Gold") as a Defendant in the matter and asserted a cause of action against Apple Gold as a successor corporation to Apple J. (ECF No. 62.) On November 13 through November 15, 2012, the parties tried Plaintiff's race discrimination claim before a jury. (ECF Nos. 92, 100, 101.) On November 15, 2012, the jury returned a verdict for Apple J and Apple Gold (collectively "Defendants") on Plaintiff's claim for race discrimination. (ECF No. 104.)

This matter is before the court on a bill of costs that was filed by Defendants on December 19, 2012 pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920. (ECF No. 112.) In the bill of costs, Defendants requested that Plaintiff be taxed costs totaling $5,038.51. (Id. at 1.) Plaintiff filed objections to Defendants' bill of costs on January 7, 2013. (ECF No. 113.) In response to Plaintiff's objections to the bill of costs, Defendants conceded to reducing the amount requested in the bill of costs to $4,251.26. For the reasons set forth herein, the court

1

**GRANTS** Defendants costs against Plaintiff in the total amount of $4,235.25.

## I. LEGAL STANDARD

Fed. R. Civ. P. 54(d) declares that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). As such, there is a presumption in favor of awarding costs to a prevailing party. See Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994); see also Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999). To overcome the presumption favoring the prevailing party and to deny that party costs, the court must articulate some "good reason" for doing so. Teague, 35 F.3d at 996; see also Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir. 1990). Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party worthy of a penalty; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided. Cherry, 186 F.3d at 446 (citation omitted); see also Smith v. Se. Pa. Transp. Auth., 47 F.3d 97, 99 (3d Cir. 1995) (observing that a court may also decline to award costs under Rule 54(d) if such an award would be inequitable). Ultimately, the court has discretion to award or deny costs to the prevailing party. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 233-34 (1964).

If an award of costs to a prevailing party is deemed appropriate, the court applying Fed. R. Civ. P. 54(d) generally looks to 28 U.S.C. § 1920[1] to determine what costs may be taxed against the losing party.[2] Pursuant to 28 U.S.C. § 1920, a court may tax the following expenses:

---

[1] Fed. R. Civ. P. 54(d) allows the prevailing party to recover costs where authorized by statute.

[2] In addition to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920, courts in the District of South Carolina are guided by Local Civil Rule 54.03 DSC, which identifies the "costs normally allowed in the District when filing Bill of Costs . . . ."

(1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920; see also Local Civil Rule 54.03 DSC.  "The prevailing party bears the burden of showing that the requested costs are permitted by § 1920." Fells v. Va. Dep't of Transp., 605 F. Supp. 2d 740, 742 (E.D. Va. 2009).  "Once the prevailing party makes this showing, the burden shifts to the losing party to show the impropriety of taxing these costs." Id.

## II.  ANALYSIS

A.     The Parties' Arguments Regarding the Bill of Costs

Defendants were the prevailing party in this matter.  (See, e.g., ECF No. 110.)  Initially, they sought costs totaling $5,038.51.  This amount consisted of the following categories of expenses: (1) $175.00 in summons and subpoena service fees; (2) $3,367.13 in fees for deposition transcripts necessarily obtained for use in the case; (3) $548.65 in witness fees; (4) $287.11 in exemplification fees and copying costs necessarily obtained for use in the case; and (5) $660.62 in other specified costs (for mediation) and witness fees.  (ECF No. 112 at 1.)

In his opposition to the bill of costs, Plaintiff asserted that Defendants are only entitled to $367.62 because their documentation only referenced costs of $4,501.28 (as opposed to $5,038.51) and $4,133.66 of that amount should not be taxed to Plaintiff.[3]  (ECF No. 113, pp. 1,

---

[3] The court disagrees with Plaintiff that Defendant's documentation in support of the bill of costs establishes a total amount of costs that is less than $5,038.51.  As specified in the following table, Defendants did submit documentation that identifies costs in the amount of $5,038.51:

3.) More specifically, Plaintiff argued that he should not be taxed for the following: (1) witness fees for Sarah Barnes ($49.35), Nancy Brooks ($139.00), Donnie Hughley ($51.55), and Stacie Rogers ($56.50); (2) service fees for deposition subpoenas on Sarah Barnes ($47.50), Stacie Rogers ($80.00), and Donnie Hughley ($47.50); (3) costs of $550.50 for the deposition transcripts of Thomas Moses, David Peterson, and Roger Thornton; (4) costs of $1,591.86 for the deposition transcripts of Donnie Hughley and Plaintiff; (5) costs of $531.13 for the transcripts of the depositions of Nancy Brooks and Sarah Barnes; (6) costs of $51.64[4] for the transcript of the deposition of Stacie Rogers; (7) costs of $242.00 for an excerpt of the trial

| Expenditure | Requested Cost | Document Referencing Cost |
|---|---|---|
| Witness fee - Sara Barnes | $207.01 | ECF No. 112 at 2, 14-17 |
| Witness fee - Jackie Blackstone | $49.99 | ECF No. 112 at 2, 18-19 |
| Witness fee - Nancy Brooks | $139.00 | ECF No. 112 at 2, 20-21 |
| Witness fee - Daniel Farra | $48.33 | ECF No. 112 at 2, 22-23 |
| Witness fee - Donnie Hughley | $51.55 | ECF No. 112 at 2, 24-25 |
| Witness fee - Billy Lindsay | $52.77 | ECF No. 112 at 2, 26-27 |
| Witness fee - Tom Moses | $58.87 | ECF No. 112 at 3, 28-29 |
| Witness fee - Stacie Rodgers | $56.50 | ECF No. 112 at 3, 30-31 |
| Subpoena service fee - Sara Barnes, Donnie Hughley | $95.00 | ECF No. 112 at 5 |
| Subpoena service fee - Stacie Rodgers | $80.00 | ECF No. 112 at 6 |
| Transcripts of depositions of Tom Moses, David Peterson, and Roger Thornton | $550.50 | ECF No. 112 at 7 |
| Transcripts of depositions of Donnie Hughley and Plaintiff | $1,591.86 | ECF No. 112 at 8-9 |
| Transcripts of depositions of Nancy Brooks and Sara Barnes | $531.13 | ECF No. 112 at 10-11 |
| Transcript of deposition of Stacie Rodgers | $451.64 | ECF No. 112 at 12 |
| Trial transcript excerpt from direct examination of Plaintiff | $242.00 | ECF No. 112 at 1 3 |
| Copies of federal court juror questionnaires | $287.11 | ECF No. 112 at 32-34 |
| Mediation costs - Defendants' share | $545.25 | ECF No. 112 at 35-36 |
| Totals: | **$5,038.51** | |

(ECF No. 112 at 2-36.)

---

[4] This amount should be $451.64. (See ECF No. 112 at 12.)

transcript from the direct examination of Plaintiff; (8) costs of $149.88 for a copy of the federal court juror questionnaires; and (9) mediation costs of $545.25. (ECF No. 113, pp. 1-3.)

Defendants responded to Plaintiff's objections to the bill of costs, asserting that all amounts sought were proper and should be taxed except for (1) the cost of $242.00 for the excerpt of the trial transcript from the direct examination of Plaintiff and (2) the mediation costs of $545.25. (ECF No. 115, pp. 3-4.) As a result, Defendants expressly conceded to the reduction of the bill of costs by $787.25, and they now seek the recovery of $4,251.26 in costs. (Id. at 4.)

B.    The Court's Review

Upon review, the court must deny Plaintiff's objections to the bill of costs because the witness fees, subpoena service fees, deposition transcript fees, and copying costs requested by Defendants are properly taxable. In this regard, the transcripts of the depositions of Tom Moses, David Peterson, Roger Thornton, Donnie Hughley, Plaintiff, Nancy Brooks, Sara Barnes, and Stacie Rodgers are properly taxable because the record establishes that these transcripts were reasonably necessary at the time of their taking and were "necessarily obtained for use in the case." See 28 U.S.C. § 1920(2); LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). The fees for subpoena service on Sara Barnes, Donnie Hughley, and Stacie Rodgers are properly taxable under the court's local civil rules because the record establishes that the deposition testimony of these individuals was relevant to the summary judgment and/or trial phases of the matter. See Local Civil Rule 54.03(A)(1)(i). The costs of copying the court's juror questionnaires are properly taxable because the questionnaires were "necessarily obtained for use in the case." See 28 U.S.C. § 1920(4). Finally, witness fees

(including an allowance for mileage) for Sara Barnes[5], Jackie Blackstone, Nancy Brooks, Daniel Farra, Donnie Hughley, Billy Lindsay, Tom Moses, and Stacie Rodgers are properly taxable under 28 U.S.C. § 1821 because their deposition testimony was relevant to the summary judgment and/or trial phases of the matter. 28 U.S.C. 1821(a) ("[A] witness in attendance . . . before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.")  Based on the foregoing, and pursuant to Fed. R. Civ. P. 54(d)(1), 28 U.S.C. § 1920, and Local Civil Rule 54.03 DSC, Defendants are entitled to costs in the amount of $4,235.25.

### III.  CONCLUSION

Upon consideration of Defendants' bill of costs, Plaintiff's opposition thereto, and the documents submitted in connection therewith, the court hereby taxes Plaintiff costs as requested by Defendants in the total amount of $4,235.25.  (ECF No. 112.)

**IT IS SO ORDERED**.

s/Margaret B. Seymour
MARGARET B. SEYMOUR
SENIOR UNITED STATES DISTRICT JUDGE

May 2, 2013
Columbia, South Carolina

---

[5] The mileage reimbursement for Sara Barnes is reduced from $127.01 to $111. The local civil rules proscribe a hundred mile limitation each way for a nonresident witness appearing at a deposition. Local Civil Rule 54.03(E)(2)(b) DSC. Defendants claimed a total mileage for Sara Barnes of 229 miles, which total is 29 miles more than allowed by the local civil rule.